IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

      Plaintiff,              No. CIV S-08-0878 LKK GGH P

      vs.

T. FELKER, et al.,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $.75 will be assessed by this order.  28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1   month's income credited to plaintiff's prison trust account.  These payments will be forwarded

2   by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

3   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23  standard, the court must accept as true the allegations of the complaint in question, Hospital

24  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26  McKeithen, 395 U.S. 411, 421 (1969).

1    Pending before the court is the complaint and motion for a temporary retraining

2  order (no. 14) filed September 8, 2008.  Named as defendants are Director of the California

3  Department of Corrections and Rehabilitation (CDCR) and Warden Felker.  Plaintiff challenges

4  Cal. Code Reg. tit. 15, § 3084.4, which limits administrative appeals filed by inmates.  Section

5  3084.4 provides, in relevant part,

> (a) Excessive filings.  One appellant's submission of more than one non-
> emergency appeal within a seven calendar day period shall be considered
> excessive.
> (1) When an appellant submits excessive appeals, the first appeal received shall be
> processed normally and all subsequent non-emergency appeals filed within the
> seven calendar day period by that individual shall be suspended.
> (2) The appeals coordinator shall consult with the chief, inmate appeals, who shall
> determine further action to be taken on the suspended appeals.
> (3) Upon determination of abuse, the chief, inmate appeals, shall authorize the
> appeals coordinator to prepare a notice restricting the inmate to one appeal per
> month for six consecutive months.
> (4) Any subsequent violations of the appeal restriction shall result in an extension
> of the restriction for an additional six month period.

13    Plaintiff alleges that defendants violated his right to access the courts by

14  restricting the number of grievances he could file pursuant to § 3084.4. Plaintiff alleges that his

15  ability to exhaust administrative remedies has been thwarted by defendants' use of § 3084.4 to

16  block his appeals.  In his declaration attached to the complaint, plaintiff states that on April 29,

17  2007, he submitted an appeal at the institutional level that was screened out.  He then submitted

18  the same appeal to the Director's Level on May 8, 2007.  This appeal was screened out as well.

19    The Prison Litigation Report Act, 42 U.S.C. § 1997e(a) provides that, "[n]o

20  action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

21  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

22  administrative remedies as are available are exhausted." In Booth v. Churner, 532 U.S. 731, 121

23  S.Ct. 1819, 149 L.Ed.2d 958 (2001), the Supreme Court held that inmates must exhaust

24  administrative remedies, regardless of the relief offered through administrative procedures. 532

25  U.S. at 741, 121 S.Ct. at 1825. Therefore, inmates seeking money damages must also completely

26  exhaust their administrative remedies. Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149

1   L.Ed.2d 958 (inmates seeking money damages are required to exhaust administrative remedies

2   even where the grievance process does not permit awards of money damages).  Further, 42 U.S.C.

3   § 1997e(a) provides that no action shall be brought with respect to prison conditions until such

4   administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198, 1199

5   (9th Cir.2002) ("a prisoner does not comply" the requirement of § 1997(e)(a) "by exhausting

6   available remedies during the course of the litigation").

7           Plaintiff does not demonstrate how his access to the courts has been curtailed or

8   denied by the appeal restriction. Plaintiff does not identify an actual injury. Lewis v. Casey, 518

9   U.S. 343, 351-53, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (prisoner must allege actual

10  injury).  Plaintiff does not describe how his ability to file a lawsuit was impeded by defendants'

11  refusal to process his grievance.  The court cannot infer, simply based on the allegations in

12  plaintiff's declaration, that plaintiff could not file a § 1983 action in federal court because his

13  appeal was "screened out."  Plaintiff does not allege, for example, whether he sought to later

14  exhaust the claims in a different grievance.  Nor does plaintiff discuss whether he filed a lawsuit

15  raising the claims in his grievance which was later dismissed by a federal court for his failure to

16  exhaust.  For these reasons, the court cannot find that plaintiff has stated a colorable claim for

17  denial of his right to access the courts.  The complaint is dismissed with leave to amend and the

18  motion for injunctive relief is vacated without prejudice.

19          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

21  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

22  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

23  there is some affirmative link or connection between a defendant's actions and the claimed

24  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

25  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

26  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

4

of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $.75.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4.  Plaintiff's motion for a preliminary injunction (no. 14) is vacated without prejudice to its renewal after an amended complaint is filed.

DATED: November 19, 2008

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

1  will878.b

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26