IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

    Plaintiff,                    No. CIV S-08-0878 LKK GGH P

    vs.

T. FELKER, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed February 20, 2009. Although labeled as a second amended complaint, this is actually a first amended complaint. For the following reasons, the court recommends that this action be dismissed.

As in the original complaint, plaintiff challenges Cal. Code Reg. tit. 15, § 3084.4, which limits administrative appeals filed by inmates. Section 3084.4 provides, in relevant part,

> (a) Excessive filings. One appellant's submission of more than one non-emergency appeal within a seven calendar day period shall be considered excessive.
> (1) When an appellant submits excessive appeals, the first appeal received shall be processed normally and all subsequent non-emergency appeals filed within the seven calendar day period by that individual shall be suspended.
> (2) The appeals coordinator shall consult with the chief, inmate appeals, who shall determine further action to be taken on the suspended appeals.
> (3) Upon determination of abuse, the chief, inmate appeals, shall authorize the appeals coordinator to prepare a notice restricting the inmate to one appeal per month for six consecutive months.
> (4) Any subsequent violations of the appeal restriction shall result in an extension of the restriction for an additional six month period.

1

Plaintiff again alleges that defendants violated his right to access the courts by restricting the number of grievances he could file pursuant to § 3084.4. Plaintiff alleges that his ability to exhaust administrative remedies has been thwarted by defendants' use of § 3084.4 to block his appeals. Plaintiff alleges that several administrative appeals have been "screened out," i.e. not processed, pursuant to § 3084.4.

The Prison Litigation Report Act, 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In <u>Booth v. Churner</u>, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 532 U.S. at 741, 121 S.Ct. at 1825. Therefore, inmates seeking money damages must also completely exhaust their administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages). Further, 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions until such administrative remedies as are available are exhausted. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir.2002) ("a prisoner does not comply" the requirement of § 1997(e)(a) "by exhausting available remedies during the course of the litigation").

As in the original complaint, plaintiff does not demonstrate how his access to the courts has been curtailed or denied by the appeal restriction. Plaintiff does not identify an actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343, 351-53, 355, 116 S.Ct. 2174 (1996) (prisoner must allege actual injury). Plaintiff does not describe how his ability to file a lawsuit was impeded by defendants' refusal to process his grievance. The court cannot infer, simply based on the allegations in the amended complaint, that plaintiff could not file a § 1983 action in federal court

because his appeal was "screened out." Plaintiff does not allege, for example, whether he sought to later exhaust the claims in a different grievance. Nor does plaintiff discuss whether he filed a lawsuit raising the claims in his grievance which was later dismissed by a federal court for his failure to exhaust. For these reasons, the court cannot find that plaintiff has stated a colorable claim for denial of his right to access the courts.

In addition, there is no constitutional requirement for an effective prison grievance or claims process, or even a claims process at all. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

In the November 19, 2008, order dismissing the original complaint with leave to amend, the court advised plaintiff regarding the elements of a colorable claim for violation of the right to access the courts. It does not appear that plaintiff can state a colorable access to the courts claim. For this reason, the court recommends that this action be dismissed.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2009

/s/ Gregory G. Hollows

will878.fr

UNITED STATES MAGISTRATE JUDGE