IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

        Plaintiff,                       No. CIV S-08-0878 LKK GGH P

    vs.

T. FELKER, et al.,

        Defendants.            <u>ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims challenge Cal. Code Reg. tit 15, § 3084.4(a), which limits the frequency with which inmates may file grievances. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

      Pursuant to 28 U.S.C. § 1915A(a), the court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The Magistrate Judge conducted such a screening, and in his findings and recommendations recommended dismissing plaintiff's amended complaint with prejudice. These findings and recommendations were served on the parties and contained notice that the parties may file objections within twenty days. Plaintiff filed timely objections. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de

1

novo review of this case. The court adopts the Magistrate Judge's findings and recommendations insofar as they conclude that plaintiff has failed to allege the details necessary to support his claim. The court rejects the Magistrate Judge's recommendation to dismiss the suit with prejudice, however, instead granting plaintiff one final opportunity to cure these defects through amendment.

## I. BACKGROUND

**A.    California's Inmate Grievance Process**

California has adopted an grievance system for prisoners seeking to challenge the conditions of their confinement. Cal. Code Regs. tit. 15 §§ 3084.1 - 3084.7.[1] Under this system, an inmate files an "appeal" of a "departmental decision, action, condition, or policy." § 3084.1(a). The appeals process involves an "informal" level of review and then three formal levels of review, although the informal level is waived for appeals of certain actions, and the applicable appeals coordinator may allow an inmate to bypass the first level of formal review in certain other circumstances. §§ 3084.5(a)(3), (b).

Regardless of whether any levels of review have been waived, the inmate must initiate the formal appeal process "within 15 working days of the event or decision being appealed." § 3084.6(c). An appeal may be rejected if the "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." § 3084.3(c)(6); Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009). See also Woodford v. Ngo, 548 U.S. 81, 86 (2006) (describing California's grievance system in greater detail).

**B.    Restriction on Plaintiff's Grievances**

Plaintiff alleges that on eight specified occasions, grievances filed by plaintiff were "screened out" pursuant to § 3084.4(a). Second Amended Complaint, 11-12 (Doc. 35) ("SAC"). Plaintiff identifies the particular defendants that plaintiff alleges are responsible for the screening

---

[1] Unqualified § 3084.1 et seq. numbers hereinafter refer to sections of Cal. Code Regs. tit. 15.

of each appeal, but plaintiff provides no allegations regarding the content of these appeals.  Thus, the complaint does not indicate whether these appeals arose out of separate incidents, whether plaintiff later attempted to file an appeal or suit reiterating the challenges made in the screened appeals, or the outcome of any subsequent proceedings.

Section 3084.4 describes "Appeal System Abuse."  Subsection (a) provides:

> (a) Excessive filings. One appellant's submission of more than one non-emergency appeal within a seven-calendar-day period shall be considered excessive.
>
> > (1) When an appellant submits excessive appeals, the first appeal received shall be processed normally and all subsequent non-emergency appeals filed within the seven-calendar-day period by that individual shall be suspended.
> >
> > (2) The appeals coordinator shall consult with the chief, inmate appeals, who shall determine further action to be taken on the suspended appeals.
> >
> > (3) Upon determination of abuse, the chief, inmate appeals, shall authorize the appeals coordinator to prepare a notice restricting the inmate to one appeal per month for six consecutive months.
> >
> > (4) Any subsequent violations of the appeal restriction shall result in an extension of the restriction for an additional six month period.

§ 3084.4(a); see also § 3084.3(c)(8) (providing that appeals violating § 3084.4 shall be rejected during screening).

**C.     The Prison Litigation Reform Act's Exhaustion Requirement**

Under the PLRA, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[2] 42 U.S.C. § 1997e(a).  "[A] prisoner must . . . exhaust administrative remedies even where the relief sought--[e.g.,]monetary damages--cannot be granted by the administrative process." Woodford,

---

[2] A prisoner need not proceed further and also exhaust state judicial remedies. Jenkins v. Morton, 148 F.3d 257, 259-60 (3d Cir. 1998).

1  548 U.S. at 85. "If a prisoner had full opportunity and ability to file a grievance timely, but failed
2  to do so, he has not properly exhausted his administrative remedies." Marella, 568 F.3d at 1026.

## II. STANDARD

4  The district court is required to screen all complaints brought by prisoners seeking relief
5  against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §
6  1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are frivolous
7  or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from
8  a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

9  To state a claim upon which relief may be granted, the complaint must give defendant
10 "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly,
11 550 U.S. 544, 555 (2007) (internal quotation and modification omitted). The Supreme Court has
12 suggested a two-step process for applying this standard. Ashcroft v. Iqbal, 129 S. Ct. 1937,
13 1949-50 (2009). The court first identifies the non-conclusory factual allegations, and the court
14 then determines whether these allegations, taken as true and construed in the light most favorable
15 to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S.
16 89 (2007).

## III. ANALYSIS

18 **A.    Due Process**

19 Plaintiff first argues that by rejecting his appeals under § 3084.4(a), defendants violated
20 plaintiff's due process rights. The Fourteenth Amendment's Due Process Clause prevents state
21 actors from depriving individuals of protected interests--here, an interest in liberty--without due
22 process of law. In the context of inmates' challenges to conditions of confinement, courts have
23 held that a protected liberty interest may arise by operation of the federal Constitution or by
24 operation of state law. Sandin v. Conner, 515 U.S. 472, 483-484 (1995). "[I]nmates lack a
25 separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza,
26 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

4

Thus, plaintiff's challenge does not implicate a liberty interest arising under the federal Constitution.

Even when the federal constitution does not give rise to a protected liberty interest, a protected interest may arise under state law. However, there is no such protected interest here. "[A]ny right to a grievance procedure is a procedural right, not a substantive one." Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). "[P]rocedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest." Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) (quoting Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1986)). Accordingly, neither state law nor the United States Constitution give rise to a protected liberty interest applicable in this case. See also Sandin v. Conner, 515 U.S. 472, 484 (1995).[3] Plaintiff's claim must be dismissed insofar as it relies upon the Due Process Clause.

**B.     Access to Courts**

Plaintiff also argues that by screening out his grievances, prison officials deprived plaintiff of access to the courts. The First and Fourteenth Amendments provide prisoners with a right of access to the courts to present criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Lewis v. Casey, 518 U.S. 343 (1996). To succeed on a claim alleging a violation of this right of access, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. This impediment must constitute "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348. Because prejudice to *contemplated* litigation is actionable, injury can consist of "inability to file a complaint."

---

[3] Sandin held that prison regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. The Ninth Circuit has construed the holding in Sandin as "limited to internal prison disciplinary regulations." McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir. 2002). The court need not address whether the Sandin standard applies to the challenged regulation, because it is clear that plaintiff's due process claim fails regardless of whether Sandin applies.

Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004).  An impediment exists when an actionable challenge to sentence or conditions has been lost or rejected because the inmate has not been provided with the ability to file suit.  Lewis, 518 U.S. at 356.

Plaintiff argues that his right of access has been curtailed by the interaction of the Prison Litigation Reform Act's exhaustion requirement and sections 3084.4(a) and 3084.6(c).  Plaintiff argues that the PLRA is satisfied only where an inmate has proceeded to the highest level appeal, but that in certain situations, any non-emergency appeal filed within the fifteen working day period required by section 3084.6(c) will be dismissed as "excessive" under section 3084.4(a), such that timely exhaustion of administrative remedies will be impossible.  Such a situation may arise when, for a number of consecutive weeks, an inmate is exposed to actionable conduct more than once per week, or when an inmate who is limited to filing one appeal per month files an appeal and is then exposed to actionable conduct in the following week.

Plaintiff's legal argument raises numerous questions.  When an inmate must delay filing an appeal because of section 3084.4(a), it may be that the inmate does not "ha[ve] the opportunity to file within the prescribed time constraints," such that the delayed appeal cannot be rejected as untimely. § 3084.3(c)(6).  If the delay is not excused, it may be that no administrative remedies are available, such that the PLRA's exhaustion requirement does not apply.  Woodford, 548 U.S. at 103 ("Respondent contends that requiring proper exhaustion will lead prison administrators to devise procedural requirements that are designed to trap unwary prisoners and thus to defeat their claims. . . . we have no occasion here to decide how such situations might be addressed."); Marella, 568 F.3d at 1027 ("the district court . . . erred in concluding that, as a matter of law, no exceptions to the [PLRA's] timely filing requirement exist.").  Finally, it is clear that the type of impediment, if any, at issue here differs markedly from those that have been considered under the Lewis framework.  Lewis, for example, concerned "the training of library staff, . . . the updating of legal materials, . . . the availability of photocopying services," inmates' physical access to the library, and inmates' access to legal assistance.  518 U.S. at 347.

The court cannot answer these questions because plaintiff has not provided sufficient factual support for his claim. Because plaintiff has not identified the subject matter of his screened administrative appeals, the court cannot determine whether the allegedly contemplated litigation challenged the conditions of confinement (and thus fell under both <u>Lewis</u> and the PLRA) or whether the claims would be non-frivolous. Because plaintiff has not alleged what happened after the appeals were screened, the court cannot determine whether the screening posed a cognizable impediment to suit. For example, plaintiff's allegations provide no indication as to whether, for each of his screened appeals, plaintiff could have filed an appeal that would have been timely but that would not have violated section 3084.4(a). For these reasons, plaintiff's limited factual allegations are insufficient to demonstrate a "plausible" entitlement to relief, and the court must dismiss plaintiff's complaint.

To clarify, the court dismisses plaintiff's complaint because plaintiff has failed to allege, for any of the appeals that he alleges were screened pursuant to § 3084.4(a):

1. The subject matter of the appeal.
2. The date on which the action for which the appeal was sought occurred.
3. Whether, at the time of the appeal, plaintiff was limited to filing one appeal per month, or whether instead plaintiff was under the ordinary limit of one appeal per week.
4. What action, if any, plaintiff undertook in regards to his appeal after it was screened.

Plaintiff has twice been granted leave to file an amended complaint. The Magistrate Judge's order of November 19, 2008 specifically identified the above deficiencies in the complaint. The Magistrate Judge recommends dismissing the complaint with prejudice, on the ground that plaintiff has repeatedly failed to cure these defects. Plaintiff has remedied some of these defects, however, and it does not appear to the court that further amendment would be futile. Accordingly, plaintiff is granted a final opportunity to remedy the defects identified

above.

C. **Equal Protection and Eighth Amendment**

Plaintiff also argues that the application of section 3084.4(a) violates plaintiff's rights under the Equal Protection Clause and the Eighth Amendment. Contrary to plaintiff's argument, the Equal Protection Clause is not offended by the fact that California treats California prisoners differently than other states treat their prisoners. Plaintiff's Eight Amendment claim also fails, as plaintiff's allegations has failed to provide any indication that section 3084.4(a) "result[s] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation omitted). Unlike plaintiff's First Amendment claim, it is clear that further opportunity to amend these claims would be futile.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on April 2, 2009, Doc. No. 38, are adopted in full, except insofar as they recommend that dismissal of plaintiff's access to courts claim be with prejudice.

2. Plaintiff's claims under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment are DISMISSED WITH PREJUDICE.

3 Plaintiff's First Amendment/access to courts claim is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff is GRANTED thirty days from the date of service of this order to file an amended complaint curing the deficiencies identified above.

IT IS SO ORDERED.

DATED: September 30, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8