IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

    Plaintiff,                                 No. CIV S-08-0878 LKK GGH P

    vs.

T. FELKER, et al.,

    Defendants.                       FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and informa pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

        On April 2, 2009, the undersigned issued findings and recommendations that plaintiff's first amended complaint be dismissed with prejudice. Doc. 38. On September 30, 2009, the District Judge assigned to this case, the Honorable Lawrence K. Karlton, ordered that all of plaintiff's claims were to be dismissed with prejudice, except plaintiff's First Amendment claim regarding inmate appeals and access to the courts. Doc. 44. Judge Karlton dismissed that claim with leave to amend and stated that plaintiff had not provided sufficient information concerning the screened out appeals. Doc. 44 at 7. Judge Karlton noted that plaintiff had failed to allege the subject matter of the appeal, the date on which the subject of the appeal occurred, whether at the time of the appeal plaintiff was limited to filing one appeal per month or one appeal per week and what action plaintiff took with regards to the appeal after it was screened.

1 Id. After several extensions plaintiff filed a second amended complaint (erroneously labeled a
2 third amended complaint) on May 21, 2010.  Doc. 60.

3       Despite repeated opportunities plaintiff has again failed to provide sufficient
4 information to state a colorable First Amendment claim.  Plaintiff failed to provide the
5 information outlined in Judge Karlton's order.  While plaintiff has provided a list of appeals that
6 were screened out, that alone does not state a claim for denial of access to the courts.  It is not
7 clear if the appeals were timely or late and if plaintiff further appealed the grievances or was
8 precluded from further appeals.  Plaintiff has provided no information on what occurred after the
9 appeal was screened.  All of this information that plaintiff was advised to provide is vital to
10 determining if an actionable claim exists.

11       As plaintiff has been repeatedly told, he must demonstrate how his access to the
12 courts has been curtailed or denied by the appeal restriction.  Lewis v. Casey, 518 U.S. 343,
13 351-53, 355, 116 S.Ct. 2174 (1996) (prisoner must allege actual injury).  Plaintiff does not
14 describe how his ability to file a lawsuit was impeded by defendants' refusal to process his
15 grievance, or even which appeals were not processed.  The court cannot infer, simply based on
16 the allegations in the second amended complaint, that plaintiff could not file a § 1983 action in
17 federal court because his appeal was "screened out."  The action commenced on April 25, 2008,
18 and plaintiff has been given many opportunities to cure the deficiencies in his complaint but has
19 failed to do so.

20       At bottom, plaintiff views himself as a prison ombudsman who takes on all
21 manner and sorts of prison regulations which he views as detrimental to prisoners.  In this case,
22 plaintiff does not show the injury required by Lewis, and in essence, simply and generally
23 challenges the adequacy of the grievance system, including its vexatious filer provisions.
24 Because there exists no right to a grievance system at all, much less an adequate grievance
25 system, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), the undersigned recommends that
26 the amended complaint be dismissed with prejudice.

1    IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

2    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
will878dis2